UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FALCON D. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-cv-00318 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| f/n/u PILLMORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the CCA Metro-Davidson County Detention Facility in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against multiple defendants claiming that they have failed to provide appropriate medical treatment for a knot on his arm in violation of the Eighth Amendment to the United States Constitution. (Docket No. 1). The plaintiff seeks over a million dollars ($1,000,000) in damages for his pain and suffering and medical expenses. (*Id.* at p. 5).

## I. Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

1

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.     Section 1983 Standard

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.    Analysis of Section 1983 Claim under the Eighth Amendment

The plaintiff alleges that, in mid-December of 2012 while incarcerated at the CCA Metro-Davidson County Detention Facility, he sought medical attention for his a knot on his arm. The plaintiff was examined by the facility's nurse practitioner "about two weeks later," and she told the plaintiff that it could be fatty tissue and they needed to wait to see if it grew. (Docket No. 1 at p. 5). The plaintiff "put in another sick call about two weeks later" but his appointment was rescheduled by the nurse practitioner. (*Id.*) On February 28, 2013, the plaintiff was examined by the doctor who told the plaintiff that the knot did not "feel like cancer" and referred the plaintiff for blood work. (*Id.*) A nurse took the plaintiff's blood, but the plaintiff states that he has never received any

2

information as to the results of the testing. (*Id.*)  The plaintiff saw the doctor again on April 30, 2013, and the doctor prescribed medication for the plaintiff. (Docket No. 6 at p. 1).  The plaintiff alleges that the medicine is making his pain worse. (*Id.*)  He has attempted to see the doctor again but other inmates have been treated instead. (*Id*. at p. 2).  On April 30, 2013, the nurse told the plaintiff that he had been taken off the medication. (*Id*.)  The plaintiff alleges that he is in pain from the knot, he is very concerned about the knot, and he believes that he has not received professional treatment. (*Id.* & Docket No. 1 at p. 5).

To establish a violation of his Eighth Amendment constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to her serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).  "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component.  The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992).  The subjective component requires that the defendants were deliberately indifferent to the plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff

3

to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Here, the plaintiff's allegations and the documentation submitted by the plaintiff himself show that he has been examined by a nurse and a doctor since complaining of the knot on his arm. (Docket Nos. 1, 6 & Attachs.). He has undergone at least some laboratory testing and received some medication for his medical problem. (*Id.*) Thus, the plaintiff clearly received some medical treatment from the defendants. Although the plaintiff disagrees with the manner in which he has been treated, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim. Furthermore, even if the plaintiff's medical treatment was allegedly deficient in some manner, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 105-06. Simply put, an inmate is not entitled to the "best" medical treatment available. *Bemer v. Correctional Med. Services*, No. 10-12228, 2012 WL 525564, *7 (E.D. Mich. Jan. 27, 2012)(citing the 5th Circuit). The plaintiff in this case has received some medical attention for his complaint; therefore, he has not established that the defendants acted with deliberate indifference to his medical needs.

4

**IV. Conclusion**

For the reasons explained above, the court finds that the plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983. *See* 28 U.S.C. § 1915A(b). As such, his complaint will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge