UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FALCON D. HILL,** | ) |
| | ) |
| **Plaintiff,** | )    **No. 3:13-cv-00318** |
| | )    **Judge Trauger** |
| v. | ) |
| | ) |
| **f/n/u PILLMORE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## O R D E R

The *pro se* plaintiff, an inmate at the CCA Metro-Davidson County Detention Facility in Nashville, Tennessee, brings this action under 42 U.S.C. § 1983 against multiple defendants claiming that they have failed to provide appropriate medical treatment for a knot on his arm in violation of the Eighth Amendment to the United States Constitution. (Docket No. 1). The plaintiff has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

It appears from the plaintiff's application that he cannot afford to pay the filing fee. Therefore, the Clerk will **FILE** the complaint *in forma pauperis.* 28 U.S.C. §§ 1915(a), (b)(4). Accordingly, the plaintiff is herewith assessed the three hundred fifty dollars ($350.00) civil filing fee. Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

1

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id*.

The Clerk is **DIRECTED** to send a copy of this order to the Davidson County Sheriff to ensure that the custodian of the plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Because the plaintiff is a prisoner, the court is obliged to conduct a preliminary review of the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. As provided in the accompanying memorandum, the complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge